Date signed September 23, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-11121PM |
|---|---|
| | Chapter 7 |
| Wanda Michelle Daniels-Brown, | |
|     Debtor. | |
| W. Clarkson McDow, Jr., United States Trustee, Region Four, | |
|        Movant, | |
| v. | |
| Wanda Michelle Daniels-Brown, | |
|        Respondent. | |

## MEMORANDUM OF DECISION

This matter came before the court for hearing on September 3, 2008, on the Motion for Summary Judgment filed by Wanda Michelle Daniels-Brown ("the Debtor") and the Opposition thereto filed by W. Clarkson McDow, Jr., United States Trustee, Region Four ("the Trustee").

The Debtor filed this bankruptcy case under Chapter 7 on January 25, 2008. The Statement of Intent filed with the petition reflected her intention to surrender real property located at 9503 Thornknoll Court, Fort Washington, Maryland 20744 ("the Real Property"). On March 11, 2008, the court granted to IndyMac Bank, F.S.B. relief from the automatic stay of 11 U.S.C. §362(a) as to the Real Property. The Debtor did not respond to the motion and the Chapter 7 Trustee consented to the requested relief.

The Trustee filed a Motion to Dismiss for Abuse on April 9, 2008, relying upon §§ 707(b)(2)(A) and (b)(3). As to § 707(b)(2)(A), the Trustee asserted that the Debtor's Official Form B22A, the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, filed on the petition date contained errors. Most notably, the Trustee asserted that the Debtor improperly included the mortgage payments for the Real Property that she intended at the onset of the case to surrender.[1] The Trustee also alleged that the Debtor improperly deducted expenses on Official Form B22A for a vehicle owned free and clear of liens. As to § 707(b)(3), the Trustee alleged the existence of disposable income available for payment to creditors and that the totality of circumstances demonstrated abuse justifying dismissal of the case. On May 2, 2008, the Debtor amended Schedules I and J and Official Form B22A and filed an Opposition to the Trustee's Motion.

Based on the pleadings and the record herein, there are two issues that may be adjudicated summarily. They are:

(1) whether the Debtor properly included her mortgage payments on line 42 of Official Form B22A when she intended to surrender the Real Property; and

(2) whether the Debtor properly included as an expense on line 22 of Official Form B22A costs incurred with respect to a vehicle she owns free and clear of liens.[2]

---

[1] The Trustee objected to the inclusion of cure amounts related to the secured claims (line 43); however, the Debtor later conceded this issue concluding the deduction to be improper.

[2] The court notes that a substantial amount of time at the hearing was devoted to argument with respect to whether the Debtor's tax refund for calendar year 2007 should have been included on Official Form B22A. The issue was first addressed by the Trustee in opposition to the Debtor's Motion for Summary Judgment. As suggested by counsel for the Trustee, a determination on this issue in the Trustee's favor eliminated the need for decision as to the Debtor's inclusion of secured claim deductions on Official Form B22A as the case would be rendered presumptively abusive. The court notes that despite counsel for the Debtor's representation at the onset of the hearing that there was no factual dispute on this issue, in argument, counsel for the Trustee suggested that there remained a dispute, rendering the issue inappropriate for summary judgment.

The positions of the parties, however, warrant brief discussion. The Debtor stipulated for the purpose of analyzing Official Form B22A that her average gross monthly income for the six months prior to the month she filed this case was $6,334.72. It is the Trustee's position that the result of the Debtor's over-withholding of taxes was a state and federal tax refund totaling $7,109.00. When divided by 12 months, the Trustee maintained that the Debtor earned additional monthly income of $592.17. The Debtor asserted that as the refund was actually received postpetition that it should not be reflected on Official Form B22A, a document that looks to financial activity occurring pre-petition.

These issues are determined under 11 U.S.C. § 707(b)(2)(A) that provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> > (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
> >
> > (II) $10,950.

As to the mortgage payments totaling $3,179.33 on line 42 of Official Form B22A, the Trustee urges that inclusion was improper and that the Debtor's case is presumptively abusive under 11 U.S.C. § 707(b)(2)(A), warranting dismissal. Section 707(b)(2)(A)(iii)(I) addresses "payments on account of secured debts" and provides:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of –
>
> > (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition . . . divided by 60.

---

The Trustee cites to *In re Colgate*, 370 B.R. 50 (BC E.D.N.Y. 2007), for the proposition that the Debtor must add into her average gross income the sum of $592.17 a month on account of the tax refund. The court views the *In re Colgate* opinion as inapposite but found instructive a discussion in the unpublished case of *In re Lipford*, 2008 WL 1782640, *10 (BC M.D.N.C. Apr. 17, 2008) as to line 25, "Other Necessary Expenses: taxes," on Official Form B22A. The court stated:

> The Court does not expect a debtor or her counsel to be able to see into the future, so any method that reasonably and accurately reflects the debtor's actual tax expense for the six-month period would meet the requirements of line 25 on Form B22A. One extreme would be for the debtor to simply use her actual payroll deductions, which is an imperfect solution because, as explained above, the results are not necessarily reliable. The other extreme is for the debtor to complete a short form tax return, which is an impractical solution because it would require significant effort and expense by the debtor and her counsel, and they may not be able to complete it in a timely manner. There is a better solution. When the six-month period of Section 101(10A) occurs during a period for which federal and state tax returns already have been filed, it is reasonable for the debtor to use the rates indicated on those returns. If the six-month period is only partially covered by a previously-filed tax return, then the debtor should proportionately mix the rate on the return with the present year's rate for the annualized income. For the period in the new tax year, the debtor should remove from the previous year's return all actual changes, such as charitable giving, and non-recurring income, loss, and deductions, and add in any new changes that the debtor can demonstrate. This process does not require the debtor's counsel to be a tax expert. Rather, it gives counsel the ability to accurately represent the debtor's tax liability.

The parties have thoroughly briefed and argued this issue.  The court cannot recall any time in its experience that there has been so much legal authority available on a single issue.  There is no need to add to this plethora of jurisprudence.[3]  As set forth by the parties, there are three well-defined positions as to what is meant by the phrase "amounts scheduled as contractually due" in § 707(b)(2)(A)(iii)(I).

The majority of courts apply the plain meaning of the statute and find that an intention to surrender collateral at the time the bankruptcy case is filed does not change the contractually scheduled nature of the payments related thereto.  The court could not match the pithy exposition of this side of the argument by the opinions found in *In re Randle*, 2007 WL 2668727 (N.D. Ill. 2007), *affirming In re Randle*, 358 B.R. 360 (BC N.D. Ill. 2006), *In re Rudler*, 388 B.R. 433 (BAP 1st Cir. 2008) and *In re Hayes*, 376 B.R. 55 (BC D. Mass. 2007).  There are many other cases reaching the same conclusion.[4]

Another line of cases – the line that the Trustee urges this court to adopt – requires a court to look at a debtor's schedules along with the statement of intent to determine whether a

---

[3] The court limits its citations to Chapter 7 cases, noting the abundance of decisions addressing the application of 11 U.S.C. § 707(b)(2)(A)(iii)(I) in Chapter 13 cases.  *See In re Quigley*, 391 B.R. 294, 304-314 (BC N.D.W. Va. 2008), for a thorough discussion of the adoption of 11 U.S.C. § 707(b)(2)(A)(iii)(I) in Chapter 13 cases.

[4] *Fokkena v. Hartwick*, 373 B.R. 645 (D. Minn. 2007), *affirming in part and reversing in part In re Hartwick*, 352 B.R. 867 (BC D. Minn. 2006); *In re Hartwick*, 359 B.R. 16 (BC D.N.H. 2007); *In re Guerriero*, 383 B.R. 841(BC D. Mass. 2008); *In re Longo*, 364 B.R. 161 (BC D. Conn. 2007); *In re Osborne*, 374 B.R. 68 (BC W.D.N.Y. 2007); *In re Mundy*, 363 B.R. 407 (BC M.D. Pa. 2007); *In re Wright*, 364 B.R. 640 (BC N.D. Ohio 2007); *In re Haar*, 360 B.R. 759 (BC N.D. Ohio 2007); *In re Zak*, 361 B.R. 481 (BC N.D. Ohio 2007); *In re Simmons*, 357 B.R. 480 (BC N.D. Ohio 2006); *In re Townsend*, 2007 WL 3244429 (BC N.D. Ohio Oct. 30, 2007); *In re Graham*, 363 B.R. 844 (BC S.D. Ohio 2007); *In re Sorrell*, 359 B.R. 167 (BC S.D. Ohio 2007); *In re Nockerts*, 357 B.R. 497 (BC E.D. Wis. 2006); *In re Kogler*, 368 B.R. 785 (BC W.D. Wis. 2007); *In re Ellringer*, 370 B.R. 905 (BC D. Minn. 2007); *In re Pilarski*, 2007 WL 3452338 (BC D. Minn. Nov. 14, 2007); *In re Kelvie*, 372 B.R. 56 (BC D. Idaho 2007); *In re Chang*, 2007 WL 3034679 (BC N.D. Cal. Oct. 16, 2007); *In re Rodriguez*, 2008 WL 372742 (BC N.D. Cal. Feb 11, 2008); *In re Vartan*, 2007 WL 640006 (BC E.D. Cal. Feb. 26, 2007); *In re Wilkins*, 370 B.R. 815 (BC C.D. Cal. 2007); *In re Maya*, 374 B.R. 750 (BC S.D. Cal. 2007); *In re Lindstrom*, 381 B.R. 303 (BC D. Col. 2007); *In re Palm*, 2007 WL 1772174 (BC D. Kan. June 19, 2007); *In re Galyon*, 366 B.R. 164 (BC W.D. Okla. 2007); *In re Makres*, 380 B.R. 30 (BC N.D. Okla. 2007); *In re Hansen*, 378 B.R. 329 (BC W.D. Okla. 2007); *In re Walker*, 2006 WL 1314125 (BC N.D. Ga. May 1, 2006); *In re Benedetti*, 372 B.R. 90 (BC S.D. Fla. 2007); *In re Parada*, 391 B.R. 492 (BC S.D. Fla. 2008); *In re Smale*, 390 B.R. 111 (BC D. Del. 2008); *In re Vandenburg*, 2008 WL 2020186 (BC D. Neb. May 8, 2008); *In re Walker*, 383 B.R. 830 (BC N.D. Ga. 2008).

debt is "scheduled as contractually due." The courts following this line hold that a debtor may not deduct payments on secured debt if a debtor has stated an intent to surrender the collateral.[5]

The court notes another approach represented by *In re Singletary*, 354 B.R. 455 (BC S.D. Tex. 2006). This court sits in between the first and second lines of cases discussed above and finds that a debtor's intention to surrender does not eliminate the right to take a deduction on Official Form B22A; however, the actual surrender of property eliminates the right if done so by the date of the filing of a motion to dismiss for abuse. *See also In re Zak*, 361 B.R. 481 (BC N.D. Ohio 2007); *In re Nockerts*, 357 B.R. 497 (BC E.D. Wis. 2006).

The court adopts the holding and reasoning of the majority line of cases. The language of 11 U.S.C. §707(b)(2)(A)(iii)(I) is plain and unambiguous. This result is not demonstrably at odds with the intention of Congress in enacting a "mechanical" formula for presuming abuse. *In re Rudler* at 439. Accordingly, the court finds that the Debtor properly included the mortgage payments on line 42 of Official Form B22A.

As to the propriety of the Debtor's inclusion of the monthly ownership cost of $478.00 in connection with her 10-year old Saturn SL-2, a vehicle owned free and clear of any liens, on line 22 of Official Form B22A, this District has ruled in the well-researched decisions of Chief Judge Keir in the case of *In re Watson*, 366 B.R. 523 (BC Md. 2007)[6] and Judge Schneider in the case of *In re Megginson*, 2007 WL 2609783 (BC Md. Sept. 4, 2007). *See also In re Fowler*, 349 B.R. 414 (BC D. Del. 2006); COLLIER ON BANKRUPTCY ¶707.05[2][c][i], 707– 44-5 (15th ed. rev. 2008) ("[T]he better reasoned decisions considering this issue have permitted debtors to deduct the amounts specified for the transportation ownership expense allowance even if they do not have an obligation to make car loan payments or are intending to surrender the vehicle."). As pointed out by the court in *In re Fowler*, the legislative history undercuts the Trustee's position. Therefore, the court adopts the reasoning of Chief Judge Keir and Judge Schneider and finds that

---

[5] *In re Ray,* 362 B.R. 680 (BC D.S.C. 2007)*; In re Naut*, 2008 WL 191297 (BC E.D. Pa. Jan. 22, 2008); *In re Leary*, 2008 WL 1782636 (BC S.D. Tex. Apr. 16, 2008); *In re King*, 2008 WL 1808522 (BC S.D. Tex. Apr. 18, 2008); *In re Skaggs*, 349 B.R. 594 (BC E.D. Mo. 2006); *In re Burden*, 380 B.R. 194 (BC W.D. Mo. 2007); *In re Masur*, 2007 WL 3231725 (BC D.S.D. Oct. 30, 2007); *In re Harris*, 353 B.R. 304 (BC E.D. Okla. 2006).

[6] While *In re Watson* is a case under Chapter 13, it is authoritative in this situation.

the Debtor properly deducted on line 22 of Official Form B22A those expenses related to her vehicle.

Despite the extensive argument with respect to dismissal under 11 U.S.C. § 707(b)(3),[7] the court cannot decide summarily the issue of whether this case is abusive based on the "totality of circumstances." The factual disputes are material and the filed exhibits were not admitted into evidence. Accordingly, the court will deny the Debtor's Motion for Summary Judgment as to 11 U.S.C. § 707(b)(3).

Counsel for the Debtor shall submit an appropriate order. The court will issue a notice setting a trial on the Trustee's Motion to Dismiss for Abuse under 11 U.S.C. § 707(b)(3).

Copies to:
Wanda Michelle Daniels-Brown, 9902 Gable Ridge Terrace, #B, Rockville, MD 20850-4659
Justin M. Reiner, Pels Anderson LLC, 4833 Rugby Ave., Fourth Floor, Bethesda, MD 20814
Gary A. Rosen, One Church Street, Suite 802, Rockville, MD 20850
W. Clarkson McDow, Jr., U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770
Lynn A. Kohen, Office of the U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770

**End of Memorandum**

---

[7] Section 707(b)(3)(A)(i) provides:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of the chapter in a case in which the presumption in paragraph does not arise or is rebutted, the court shall consider–
>
> > (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.