Date signed November 10, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-11121PM |
|---|---|
| | Chapter 7 |
| Wanda Michelle Daniels-Brown, | |
| Debtor. | |
| W. Clarkson McDow, Jr., United States Trustee, Region Four, | |
| Movant, | |
| v. | |
| Wanda Michelle Daniels-Brown, | |
| Respondent. | |

### MEMORANDUM OF DECISION

This case comes before the court on the Motion filed by the United States Trustee to dismiss this case under 11 U.S.C. § 707(b) as an abuse of the bankruptcy system. As alleged in paragraph 46 of the Motion, "[t]his case represents the type of abuse for which the amended Section 707(b) was intended. It would be an abuse of the system for the Debtor to be allowed a discharge without contributing all of her available disposable income to repay unsecured creditors through a Chapter 13 plan." For the reasons set out hereafter, the court will grant the Motion in consideration of the totality of the circumstances.

11 U.S.C. § 707(b)(3) provides:

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of the chapter in a case in which the presumption in paragraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider–

> (A) whether the debtor filed the petition in bad faith; or

> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

By order entered October 7, 2008, this court granted, in part, and denied, in art, the Debtor's Motion for Summary Judgment and set this matter for trial with respect to the United States Trustee's arguments under 11 U.S.C.§ 707(b)(3). A disposition in favor of the United States Trustee under this subsection renders the remaining controversy under 11 U.S.C. § 707(b)(2) moot.

At the outset, the United States Trustee concedes that this bankruptcy petition was not filed in bad faith. The court agrees wholeheartedly with this concession. From its observations, the court finds that the Debtor is an honest and hard working woman who found herself in a situation that was untenable. She sought legal counsel to deal with that situation. With that legal advice, she filed this bankruptcy case under Chapter 7. She was absolutely straightforward in her responses to the Chapter 7 Trustee and disclosed all relevant facts. The court finds her testimony credible in all respects. There is not a scintilla of evidence that the Debtor incurred any debt beyond her ability to repay, aside from the home loans. As to these loans, she could not be expected to have anticipated that her marriage would deteriorate and that she would have to flee the marital home to preserve her sanity. She drives a 10-year old automobile. Her budget, aside from some items, appears reasonable.

After the Debtor's marriage to Norman Leonardo Brown on October 3, 2006, matters were set in motion that led to her bankruptcy filing on 2008. On December

18, 2006, she bought the Thornknoll property from Brown and his former wife for $520,000.00. As a result of threats and pressure from Brown, she was forced to sign a deed that conveyed the property to Brown and her as tenants by the entirety on June 27, 2007. There was no consideration for this deed, but as will be shown, nothing of value was conveyed by this coerced transfer. The Debtor endured Brown's drunken behavior as long as she could. She moved out of the Thornknoll property at the end of August, 2007 (Statement of Financial Affairs). Her last payment to Indymac Bank was for that month. At the time that she left the house, she was current on the purchase money loans. The court reaches this conclusion from the Motion for Relief From Stay filed by IndyMac Bank (#12).

      The United States Trustee urges that the failure to disclose the transfer to Brown on the Statement of Financial Affairs has some significance. While this transaction should have been disclosed, the court finds that fact has no relevance to the present inquiry. The lack of equity in the Thornknoll property at the time of transfer is evidenced by the fact that the subsequent foreclosure by the secured creditor of the senior of two liens held by it securing her obligations on the property resulted in a deficiency in excess of a quarter of a million dollars. The court is astounded by the magnitude of the deficiency, since the foreclosure took place slightly more than a year after the loans were extended.

      The Debtor's Schedules E and F show the following unsecured creditors:

| | |
|---|---|
| Prince George's County (2007-2008 Real Estate Tax) | $6,963.99 |
| Bank of America (Credit Card Charges) | $6,561.88 |
| Beta Finance Company (Furniture Membership) | $1,133.72 |

The Debtor's Schedule D showed the following creditor holding secured claims:

| | |
|---|---|
| Indymac Bank (Home Loans) | $523,510.50 |

      In connection with the foreclosure process, the real estate tax was paid. The Debtor testified that the Beta Finance Company claim had been paid after the filing of the petition. The Debtor may pay any debt voluntarily. 11 U.S.C. § 524(f). So,

the Motion is limited to the Debtor's credit card obligation to Bank of America and the post-filing deficiency claim of Indymac Bank.

While there is no testimony to this effect, the court finds that this case was filed to discharge any possible deficiency to Indymac Bank. At this point it is useful to understand that the Debtor could have "gamed" that creditor, had she elected to file her bankruptcy case under Chapter 13. A Chapter 13 Plan could have provided for 100% payment of the unsecured creditors, paying the arrearage to Indymac Bank over time and then making payments as they became due. To a certainty that Plan would have been confirmed. In due course, not receiving post-filing payments, Indymac Bank would have filed for relief from the automatic stay under 11 U.S.C. § 362(a). That unopposed motion would have been granted. Upon foreclosure, Indymac Bank would have refused further payments from the Chapter 13 Trustee. As is customary in such cases, the Chapter 13 Trustee would have then sought and the court would have granted a motion disallowing the claim of Indymac Bank. Upon payout of the other creditors, the Debtor would have received her Chapter 13 discharge. But the Debtor did not elect this devious route. Instead, she filed her case under Chapter 7 and stated honestly her intention under 11 U.S.C. § 521(a)(2) to surrender the Thornknoll property.

Nonetheless, the court must view this case upon consideration of the totality of circumstances that appears to reflect abuse of the provisions of Chapter 7. Her unsecured debt totaled $14,659.59. On her Schedule J she overstated the cost of her renter's insurance, saying that it was $166.00 a month rather than $166.00 a year. Over five years this understatement amounts to $9,130.00. She rents an apartment, yet she claims $100.00 a month for home maintenance, repairs and upkeep. That figure is extraordinary, and the court finds that $25.00 a month is more than sufficient. The Debtor appears to understate her tax refunds at $1.00 each for state and federal. While her refunds will not be of the magnitude as when she was a homeowner, there appears to be some refund that will be payable to her. Finally, the United States Trustee complains that the Debtor should include her

§ 401(k) payment of $336.97 in the calculation of funds available for creditors. The court need not reach that issue. Other courts have held that it is inappropriate to include this as a deduction in making a 11 U.S.C. § 707(b) calculation. *See Eisen v. Thompson*, 370 B.R. 762 (N.D. Ohio 2007); *In re Reimer*, 2008 WL 495537 (BC N.D. Ohio 2008); *In re Littman*, 370 B.R. 820, 832 n.31 (BC D. Idaho 2007). However, the employee stock purchase plan payment of $67.38 does not meet the test.

Accordingly, upon consideration of "the totality of the circumstances" the court finds that this case presents an abuse of the provisions of Chapter 7. An appropriate order will be entered.

cc:  Debtor
     Debtor's Counsel
     Chapter 7 Trustee
     United States Trustee

**End of Memorandum**